**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS VELIS, | No. 12-70928 |
| Petitioner, | Agency No. A075-754-295 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Juan Carlos Velis, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law and for substantial evidence factual findings.  *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).  We deny the petition for review.

The record does not compel the conclusion that Velis established changed or extraordinary circumstances excusing his late filing.  *See* 8 C.F.R. § 1208.4(a)(4), (5); *Husyev*, 528 F.3d at 1181-82.  Accordingly, Velis's asylum claim fails.

The record also does not compel the conclusion that the threats and beating Velis experienced rose to the level of persecution, even considered cumulatively.  *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents including beating did not compel finding of past persecution).  Further, substantial evidence supports the agency's conclusion that Velis did not establish it is more likely than not he would be persecuted if returned to El Salvador.  *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (insufficient evidence to establish fear of future persecution).  Accordingly, Velis's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Velis failed to establish it is more likely than not he would be tortured by or with the acquiescence of the government if returned to El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**